208 A.2d 116.

OPINION TO THE HOUSE OF REPRESENTATIVES.

MARCH 12, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

OPINION to House of Representatives following request of that body for advice as to authority to fill vacancies in membership of constitutional convention. Questions answered in opinion which follows.

March 12, 1965

To the Honorable, the House of Representatives
    of the State of Rhode Island
        and Providence Plantations

We have received from the Honorable House of Representatives a resolution requesting, in accordance with section 2 of article XII of amendments to the state constitution, our written opinion upon the following questions of law pursuant to House Resolution No. 1178:

"1. Do delegates to the constitutional convention convened pursuant to chapter 211 of the public laws, 1963, have the power and authority to fill a vacancy in their membership by electing to fill such vacancy a person possessed of the same qualifications for candidacy for delegate as the elected delegate to whose place such person is elected?

"2. If the answer to the foregoing question is in the negative, does the convention have the power and authority to require the local board to issue a warrant ordering a special election for delegate to fill the vacancy in the representative district in which such vacancy exists?"

At the outset we observe that nowhere in the resolution does it appear that the constitutional convention has itself expressed doubt as to the proper answers to the foregoing questions or sought the aid of the House of Representatives to obtain from the judges of this court their opinion thereon. Since the questions call for answers that ultimately relate to the lawful composition of the convention and the election and qualification of its members, we think that due regard for its rights and privileges dictates that we should consider the resolution of Your Honors only if it be the desire of the convention to obtain our advice in the premises.

By virtue of P. L. 1963, chap. 211, the electors on November 3, 1964 approved the calling of the convention and the election of delegates thereto. Section 6 of that chapter provides that "The duly elected and qualified delegates to

the constitutional convention shall be the judges of the returns and election of their own members." In view of this grant of authority formally approved by the electors we would ordinarily out of deference to the convention decline to express an opinion on either question propounded by Your Honors without being first apprised of the convention's approval of your request. However, since the import of the questions could conceivably have far-reaching effects in certain circumstances on the validity of the product of the convention we shall assume that your honorable body has been requested by the convention to propound these questions for its information and guidance.

We are clearly of the opinion that the first question must be answered in the negative. The convention and the delegates who compose it are the products of the formally expressed will of the people manifested through their duly qualified electors. The delegates are their agents and as such derive their power and authority solely from the people. We expounded this basic principle in *Opinion to the Governor* (In re constitutional convention), 55 R. I. 56, 97, as follows:

"A constitutional convention is an assembly of the people themselves acting through their duly elected delegates. The delegates in such an assembly must therefore come from the people who choose them for this high purpose and this purpose alone. They cannot be imposed upon the convention by any other authority. Neither the legislature nor any other department of the government has the power to select delegates to such a convention. The delegates elected by and from the people, and only such delegates, may and of right have either a voice or a vote therein."

With this view there is general accord by text writers who have made a study of the powers and procedures of state constitutional conventions. Jameson, Constitutional Conventions (4th ed.), §338, p. 331, answers the question "Can a Convention take upon itself the function of the electors

to fill vacancies in its own ranks?" emphatically in the negative. He says that if it did so "the Convention would be *pro tanto* self-appointing, and would maintain the attitude of at once constituent and delegate, which is that of a body *de facto* sovereign." He concludes: "* * * the exercise by a Convention of the power to fill its own vacancies being far more unwarranted and dangerous than that of filling vacancies in other departments, as it would more flagrantly violate that system of mutual checks which is so indispensable to the safe action of popular institutions. It is evident, that of all possible checks, the most effectual, amounting practically to the power of complete control, is that of selecting the persons to constitute the body. This power it will never do for the electors on any consideration to resign."

Dodd, Revision and Amendment of State Constitutions, and Hoar, Constitutional Conventions, discussing the power of conventions to provide for the filling of vacancies by election, assume that the convention cannot itself fill the vacancies. This question arose in the Massachusetts Constitutional Convention of 1853. The convention decided by an overwhelming majority that it had the authority to order an election to fill the vacancy, thus apparently recognizing that it was without lawful authority itself to fill it. Hoar, in commenting upon that action, observes that in such circumstances this is the more sensible view. In making that observation he was alluding primarily to the right of the convention to order an election but of course this presupposes that the lawful way to fill it was by act of the electors and not the convention itself. In the limited time at our disposal for researching the question we have not found any authority to the contrary and we therefore have no hesitancy in reaffirming the opinion of the judges in *Opinion to the Governor, supra,* that the only lawful delegates are those elected by and from the people.

The second question presents more difficulty and the opinion thereon is divided. Jameson appears to doubt the power of the convention although he acknowledges that it was done by the Massachusetts Convention of 1853. Dodd and Hoar on the other hand express the view that in the absence of constitutional requirements to the contrary this is an inherent power of the convention. The frame of the question propounded to us here appears to assume that the power exists and seeks advice only as to whether the convention has the power and authority to require the local board to issue its warrant for a special election for the purpose of filling the vacancy. This precise question was the subject matter of extended debate in the Massachusetts Convention of 1853. After able arguments pro and con the question was decided in the affirmative, and later upon reconsideration it was overwhelmingly reaffirmed. Indeed from the comments on this proceeding in Jameson much of the controversy appears to have revolved around a narrower subsidiary question whether the convention should issue its precept ordering the election or merely notify the local authority of the vacancy and its right to call a special election to fill it. In any event in Hoar's discussion of the proceeding there appears some ground for assuming that the convention's action has established the procedure in Massachusetts.

We are of the opinion on principle and without regard to precedent, there being none in this state, that the convention has the power to provide for a special election. To this end it may require the local board to issue its warrant for a special election to be held in accordance with the provisions of the election laws governing special elections. We therefore answer the second question in the affirmative.

Before concluding this opinion we further advise that we have not overlooked G. L. 1956, §17-5-4, to which Your Honors refer in your resolution and which reads as follows:

"The duly elected and qualified delegates to any constitutional convention are empowered to fill any vacancies in the membership of said convention." This is a provision of the general laws. It does not appear in P. L. 1963, chap. 211, under which the question of calling the present convention was submitted. We are not confronted therefore with the problem whether its presence in that statute would have been constitutionally effective as the formal expression of approval by the people voting thereon at the general election.

In the absence of such a qualifying circumstance we have no hesitancy in saying that if §17-5-4 was intended by the legislature to confer upon the convention itself the power to fill the vacancies it would be null and void as usurpation of the prerogative of the people to elect their own delegates. However, it is possible to construe the section as intending only to declare the legislative will that as a matter of general law notwithstanding the legislature's power over elections a constitutional convention could validly order a special election to fill vacancies in its membership. While a statute to that effect in our opinion is not a necessity to vest a convention with that power, its enactment would not be void but would in effect be merely declaratory of the inherent sovereignty of the people over the election of delegates.

In accordance with well-established principles of construction involving the constitutionality of a statute we adopt that construction to avoid unconstitutionality. When different constructions of a statute are possible that one which will avoid unconstitutionality is adopted. *Gardiner v. Kennelly,* 79 R. I. 367. See also *Opinion to the Governor,* 91 R. I. 187. In this view §17-5-4 poses no obstacle to the validity of the opinions expressed here but at best is simply an expression of the legislature's acquiescence in the right

of the convention to participate to this limited extent in the legislative prerogative over elections.

Francis B. Condon
Thomas H. Roberts
Thomas J. Paolino
William E. Powers
Alfred H. Joslin